# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMES EATON, | : |
| Plaintiff, | : |
| | : NO. 5:09-CV-383 (MTT) |
| VS. | : |
| MICHAEL J. ASTRUE, | : |
| | : SOCIAL SECURITY APPEAL |
| Defendant. | : |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff James Eaton's claim for benefits under the Social Security Act, 42 U.S.C. § 423. Because this denial relies upon the testimony of a Vocational Expert offered in response to an incomplete hypothetical question, **IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED and REMANDED**.

## PROCEDURAL HISTORY

On January 26, 2006, Plaintiff applied for a period of disability and disability insurance benefits. Plaintiff's application for benefits was denied initially and upon reconsideration. Following a hearing before an Administrative Law Judge (ALJ), a written decision finding Plaintiff not disabled was issued. The Appeals Council refused to review this decision. On October 27, 2009, Plaintiff filed this action. Doc. 1.

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker

v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). Consequently, the Court's role in reviewing claims brought under the Social Security Act is quite narrow.

The Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Court must, however, decide if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if it is supported by substantial evidence. Id.

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 CFR § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment which prevents the performance of basic work activities. Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

regulations. If the claimant's impairments do not meet or equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity for work. Fourth, based on the claimant's Residual functional capacity, the Commissioner determines whether the claimant is able to perform the physical and mental demands of his past work despite the impairments. Finally, and only where it has been determined that the claimant is unable to perform his or her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's Residual functional capacity, age, education, and past work experience. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. Id.

## DISCUSSION

The Commissioner's decision should be **REVERSED** and the matter **REMANDED** due to the ALJ's failure to incorporate into the hypothetical posed to the Vocational Expert all of Plaintiff's impairments and/or limitations as set forth in Plaintiff's residual functional capacity. Specifically, the ALJ failed to incorporate limitations resulting from Plaintiff's mental impairments.

In his evaluation of the instant case, the ALJ determined that Plaintiff suffers from the medically determinable severe impairments of degenerative disc disease, depression, and anxiety. The ALJ then determined that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1 of 20 C.F.R. Part 404, Subpart P. For this reason, he proceeded to consider Plaintiff's residual functional capacity. There, the ALJ properly concluded that **Plaintiff**

**had the residual functional capacity to perform sedentary work that did not require climbing, crouching, or crawling; or more than occasional balancing, stooping, or kneeling; or more than simple, routine, repetitive tasks, with one or two step instructions; or more than occasional contact with co-workers or supervisors; or any contact with the public, and included a sit/stand option.** In light of these limitations, the ALJ determined that Plaintiff could not perform the requirements of his past relevant work. Accordingly, the ALJ moved on to step five of the sequential evaluation, which required him to determine whether jobs exist in the national economy that Plaintiff could perform. Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir.1996).

At step five of the sequential evaluation process, the ALJ failed to develop a sufficient record to show that Plaintiff was disabled. To meet the Commissioner's burden of proving that jobs exist in the national economy that the claimant can perform, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir.2002). One method used in making such a finding involves asking a vocational expert hypothetical questions "to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir.2004). According to the Eleventh Circuit, "in order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227.

In this case, it has been established that the Plaintiff suffers from the severe impairments of degenerative disc disease, depression, and anxiety. In recognition of the severe mental impairments of depression and anxiety, the ALJ's residual functional capacity finding limited Plaintiff to work

that involved no more than occasional contact with co-workers or supervisors and no contact with the public. The ALJ failed, however, to incorporate these restrictions in his hypothetical question during his step five examination of the Vocational Expert. In view of this failure, and absent any indication that the limitations brought about by Plaintiff's mental impairments were otherwise encompassed within in the ALJ's questioning of the Vocational Expert, the Vocational Expert's testimony does not constitute substantial evidence. As a result of this failure by the ALJ, and in light of the fact that the Commissioner's decision rests upon the Vocational Expert's apparently unreliable testimony, it does not appear that the decision is based on a proper application of the law or is supported by substantial evidence.

In view of the above, and pursuant to Sentence Four of 42 U.S.C. 405(g), **IT IS RECOMMENDED** that the decision be **REVERSED** and that the matter be **REMANDED** with instructions for the ALJ to formulate and pose a hypothetical question to the Vocational Expert that specifically accounts for each of Plaintiff's physical and mental impairments. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 28th day of February, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge