IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| James L. EATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:09-CV-383 (MTT) |
| | ) | |
| Michael J. ASTRUE, *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on the Claimant's Motion for Attorney's Fees. (Doc. 18). The Claimant originally sought $179.41/hr for 10.6 hours of work by Mr. Charles Martin and $179.41/hr for 16.7 hours of work by Mr. Michel Phillips totaling $4,897.89. The Commissioner responded that the Claimant only is entitled to attorney's fees at $135/hr pursuant to a recent opinion in the Middle District of Georgia. The Claimant then cited Middle District of Georgia cases awarding more than $135/hr. The Claimant also provided affidavits of other attorneys who expressed opinions on the reasonable prevailing market rate in the Middle District of Georgia.[1] Additionally, the Claimant cited a "Small Law Firm Economic Survey" as well as the pay and pension increases for federal employees since 1969. The Claimant also requests $1,363.51 for the 7.6 hours spent preparing his reply to the Commissioner's response.

---

[1] Robin N. Bargeron has specialized in Social Security law since 1993 and attested that "for an attorney with experience of more than fifteen years, the rate would easily exceed $200 an hour." V. Gail Lane attested that the market rate for administrative appeals in the Middle District of Georgia is between $150 and $200 per hour for attorneys with 10 to 20 years' experience and between $180 and $290 per hour for attorneys with over 20 years' experience. Additionally, Walter Van Heiningen, who has been practicing since 1977 and serves as an Administrative Law Judge, attested that the market rate for administrative appeals in the Middle District of Georgia for an attorney with 10 to 20 years' experience is between $150 and $220 per hour.

Pursuant to the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort) … brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." *Id.*

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the claimant's counsel sought attorney's fees pursuant to the EAJA for 57.8 hours at $125/hr, 13 hours at $125/hr, and 31 hours at $95/hr. The Government opposed any hourly rate greater than the then-statutory cap of $75/hr.[2] The district court granted the claimant $75/hr without applying the cost-of-living escalator and the claimant appealed.

The Eleventh Circuit interpreted § 2412(d)(2)(A) as establishing a two-part analysis for determining the appropriate hourly rate.

> The first step in the analysis … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (internal quotations omitted).

The Eleventh Circuit stated that "Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA awards from inflation" and that

---

[2] The statutory cap was raised to $125/hr in 1996.

-2-

"this expectation will not be realized … if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees." *Id.* at 1034. Although the Supreme Court has implied that the cost-of-living escalator is "next to automatic," the Eleventh Circuit did not accept that interpretation as part of its holding because "[a]lthough it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation, such a situation theoretically could exist…." *Id.* at 1034-35. Rather than deem the adjustment automatic, the Eleventh Circuit requires courts determining attorney's fees to "'articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" *Id.* at 1035 (quoting *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)). Because the district court did not explain its decision not to apply the cost-of-living escalator, the Eleventh Circuit remanded for reconsideration of the proper fee award.

Here, for the first step, the Court must determine the relevant market rate. The Eleventh Circuit has stated that:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work…. Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Norman*, 836 F.2d at 1299 (internal citations omitted). Thus, the affidavits of the Claimant's counsel, standing alone, are not sufficient to establish the reasonableness of the Claimant's fees. Neither are the surveys particularly helpful because they are not

specific to the Middle District of Georgia.[3]  The affidavit testimony of other attorneys, however, is sufficient to allow the Court to determine the prevailing market rate for Mr. Martin and Mr. Phillips, both of whom have over 25 years in practice and extensive experience in Social Security cases.

As evidenced by the affidavits provided by the Claimant, the prevailing market rate is a range of fees set by the marketplace.  In a recent case, Judge C. Ashley Royal held that the market rate for Social Security cases in the Macon Division of the Middle District of Georgia is $150/hr.  *Strickland v. Astrue*, 2011 WL 672329 (M.D. Ga. 2011).  *Strickland*, a more recent case than the one cited by the Commissioner, demonstrates that the prevailing market rate is greater than $135/hr.  Moreover, the Commissioner recently argued that the prevailing market rate is $175.06/hr in opposition to another motion for attorney's fees filed by Mr. Martin.[4]  *Brown v. Astrue*, 5:10-CV-49 (MTT) (Doc. 17).  Thus, it is clear that the market rate is greater than $135/hr.

Based upon the skills, experience, and reputation of Mr. Martin and Mr. Phillips and the affidavits of attorneys other than the Claimant's counsel, the Court determines that the prevailing market rate is at least $180/hr for both attorneys.  The Court need not determine the exact market rate for these attorneys because the Court is convinced that their services exceed the current statutory rate with inflation.

Although prior awards are not given "controlling weight," "there is some inferential evidentiary value to the prior award…."  *Dillard v. City of Greensboro*, 213 F.3d 1347,

---

[3] Specifically, the relevant legal community is the Macon Division of the Middle District of Georgia. *Walker v. Apfel*, 5:98-CV-434 (DF) (Doc. 26, at 5 n.2), *available at Eaton v. Astrue*, 5:09-CV-383 (MTT) (Doc. 20-3, at 5).

[4] After contending in May 2011 that the market rate is $175.06/hr, the Commissioner arguably should be estopped from arguing one month later that the market rate is $135/hr.

1355 (11th Cir. 2000). This matter can be distinguished from *Strickland* because there are affidavits from attorneys other than Claimant's counsel regarding the prevailing market rate. Because the affidavits of claimant's counsel in *Strickland*, standing alone, could not establish the relevant market rate, Judge Royal had to make an independent judgment of the market rate. It is not surprising that Claimant's counsel -- who represented the claimant in *Strickland* --- now has provided the Court with affidavits of other lawyers to prove the market rate.

Turning to *Meyer*'s second step, the Court cannot find a reason to decline to apply the cost-of-living escalator because market rate is greater than the statutory cap with inflation. Judge Clay Land recently clarified how to calculate the amount of inflation in *Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. 2011). In *Hartage*, Judge Clay Land held that the reasonable attorney's fees must reflect the year in which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'" *Id.* at *2 (quoting *Perdue v. Kenny A. ex rel. Winn*, __ U.S. __, 130 S. Ct. 1662, 1675 (2010)). Judge Land did not find that the case was unusual and did not apply the enhancement. Thus, Judge Land calculated attorney's fees based upon the annual average Consumer Price Index for 2009 and 2010. Judge Land applied the February 2011 CPI for work performed that month.

Consistent with *Hartage*, the Court finds that the Claimant's counsel worked 4.5 hours in 2009 at a rate of $172.24/hr, 21.35 hours in 2010 at a rate of $175.06, .45 hours in March 2011 at a rate of $179.41, and 1 hour in June 2011 at a rate of $181.21. The Claimant did not ask for an enhancement and the Court does not find that this is an

unusual case where an enhancement should be granted. Accordingly, the Court finds that the Claimant is entitled to $4,774.55 for fees originally sought.[5]

The Claimant also requests compensation for the 7.6 hours in June 2011 spent preparing the reply. It is reasonable for the Claimant to be compensated for the time spent preparing his reply because the EAJA provides compensation for all aspects of fee litigation. *Commissioner, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 161-62 (1990). However, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Id.* at 163 n.10.

Here, the Claimant submitted a detailed reply brief that included prior Middle District of Georgia cases, four affidavits, and national surveys to prove that the market rate is greater than $135/hr. Because the Court is convinced that the market rate is greater than $135/hr, the Claimant may be compensated for the fees associated with submitting a reply at the $181.21/hr rate determined above.

For the foregoing reasons, the Motion for Attorney's Fees is **GRANTED**. The Court grants the Claimant $4,774.55 for fees originally sought and $1,377.20 ($181.21/hr * 7.6 hours) for fees incurred in the preparation of the reply for a total of $6,151.75.

**SO ORDERED**, this the 2nd day of August, 2011.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[5]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2009 | $172.24 | 4.50 | $775.08 |
| 2010 | $175.06 | 21.35 | $3,737.53 |
| Mar-11 | $179.41 | 0.45 | $80.73 |
| Jun-11 | $181.21 | 1.00 | $181.21 |
| | | | **$4,774.55** |